UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>       Plaintiff,<br><br>   v.<br><br>SIMCO'S RESTAURANT OF ROSLINDALE, INC. d/b/a SIMCO'S ROSLINDALE; SIMCO'S RESTAURANT, INC. d/b/a SIMCO'S MATTAPAN; DENISE FOTOPOULOS; and EVANGELOS FOTOPOULOS,<br><br>       Defendants. | Civil Action No. 1:22-cv-11414<br><br>Injunctive Relief Sought |

## COMPLAINT

1. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because two restaurants—Defendants Simco's Restaurant of Roslindale, Inc. d/b/a Simco's Roslindale and Simco's Restaurant, Inc. d/b/a Simco's Mattapan (collectively, the "Restaurants")—as well as Defendants Denise Fotopoulos and Evangelos Fotopoulos have willfully failed to pay their employees proper minimum wage and overtime compensation and failed to keep accurate employment-related records under the Fair Labor Standards Act (the "FLSA").

2. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

Jurisdiction and Venue

3. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

5. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant Simco's Restaurant of Roslindale, Inc. d/b/a Simco's Roslindale is a restaurant located at 679 Canterbury Street, Roslindale, Massachusetts 02131, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

7. Defendant Simco's Restaurant, Inc. d/b/a Simco's Mattapan is a restaurant located at 1509 Blue Hill Avenue, Mattapan, Massachusetts 02125, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

8. The Restaurants employ the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

9. Defendant Denise Fotopoulos is an owner of the Restaurants.

10. Defendant Denise Fotopoulos transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

11. The claims against Defendant Denise Fotopoulos in this case arise out of and are directly related to Denise's business activities in Massachusetts.

12. Defendant Denise Fotopoulos has certain control over the daily operations of the Restaurants, including the authority to hire and fire employees, manage the daily operations of the Restaurants, and set policies for the Restaurants.

13. Defendant Denise Fotopoulos is and has been an employer of the Restaurants' employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Defendant Evangelos Fotopoulos transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

15. The claims against Defendant Evangelos Fotopoulos in this case arise out of and are directly related to Evangelos's business activities in Massachusetts.

16. Defendant Evangelos Fotopoulos has certain control over the daily operations of the Restaurants, including the authority to hire and fire employees, manage the daily operations of the Restaurants, and set policies for the Restaurants.

17. Defendant Evangelos Fotopoulos is and has been an employer of the Restaurants' employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

<u>Defendants Are an Enterprise Engaged in Commerce</u>

18. At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

19. At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. Said enterprise has had an annual gross volume of sales or business done in an

amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

21. For the period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

Defendants' Wage and Hour Practices

22. From September 8, 2019 to at least September 5, 2021, Defendants willfully failed to pay certain employees working at the Restaurants, who are listed in the attached Exhibit A, the minimum wage and overtime compensation required by Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

23. During this time period, Defendants knew of the FLSA's minimum wage and overtime requirements and failed to pay certain employees the minimum wage and overtime compensation required by the FLSA.

24. During the time period set forth above, Defendants failed to compensate certain employees at the required minimum wage under the FLSA, which was $7.25 per hour.

25. During the time period set forth above, Defendants failed to compensate employees at one and one-half times their regular rates of pay for all hours worked over forty hours in a workweek.

26. During the time period set forth above, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

27. Defendants did not maintain complete and accurate records of hours worked by employees, complete and accurate records of payments made to employees, and contact information for employees.

## COUNT ONE

**Defendants Failed to Pay the Minimum Wage Required by Section 6 of the FLSA**

28. The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

29. Defendants have willfully violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wage at rates less than the applicable minimum age under the FLSA.

30. Therefore, Defendants are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

**Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA**

31. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

32. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

33. Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE

**Defendants Failed to Keep Records Required Under Section 11 of the FLSA**

34. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

35.     Defendants failed to keep true and accurate records in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.      For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 6, 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5);

2.      For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period set forth above, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time period set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3.      For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those

persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Sheila A. Gholkar
Sheila A. Gholkar
Trial Attorney
Gholkar.sheila.a@dol.gov
MA BBO No. 687659

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: September 1, 2022